# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| HELEN A. GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:10-CV-00108-RLV |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## CONSENT ORDER WITH REMAND
## PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405 (g)

The Defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the administrative law judge ("ALJ") will be instructed to: 1) update the medical record; 2) consider the evidence of record pertaining to Plaintiff's alleged mental health impairment, including the evidence from Catawba Valley Behavior Health Care located at Exhibit 11F, and reconsider whether Plaintiff has a severe mental impairment; and, 3) reevaluate all of the medical and "other" opinions in the record during the period at issue, May 2002 through June 30, 2007. In so doing, the ALJ will be directed to reconsider the third party report he identified as "Mother's Report," and determine the author and origin of the report. The ALJ will reformulate Plaintiff's residual functional capacity to specifically address any limitations found after further consideration of the updated evidence and the medical and "other" opinions. If necessary, a vocational expert will be

consulted to determine whether other work exists in significant numbers in the national and/or regional economies that Plaintiff could perform despite her impairments.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: July 19, 2011

Richard L. Voorhees
United States District Judge